## James F. Bishop, Administrator, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 23,897.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Joseph Sabath, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment here. Opinion filed April 29, 1918.

### Statement of the Case.

Action by James F. Bishop, administrator of the estate of William E. Ford, deceased, plaintiff, against Chicago Railways Company, defendant, to recover for the death of plaintiff's intestate. From a judgment for plaintiff for $9,000, defendant appeals.

P. L. McArdle and Charles LeRoy Brown, for appellant; John R. Guilliams, of counsel.

James C. McShane, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Workmen's Compensation Act, § 12*—*when declaration in action for death of employee is insufficient.* In an action to recover for the death of an employee, a declaration which omits to allege or state any facts showing that the employer and employee were not, at the time of the accident, under the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], does not state a cause of action.

2. Workmen's Compensation Act, § 14*—*when declaration does not allege casual employment of employee.* Allegations in a declaration, in an action to recover for the death of an employee, that defendant, on the date of the accident, owned and operated a street railway system and a power house, and that "prior to and at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time aforesaid, said deceased was employed by the defendant as a fireman," to fire certain boilers which defendant operated in its power house to furnish steam for the operation of the dynamos of defendant; that deceased earned $4 a day; that defendant maintained boilers which "deceased was required to fire and work with," and which also refers to the conduct of deceased "in the discharge of his duties" as fireman, are inconsistent with the theory that the employment was casual and constitute an affirmative allegation of regular employment.

3. WORKMEN'S COMPENSATION ACT, § 12*—*when plaintiff must show in pleadings that either of parties not under.* In an action to recover for the death of an employee, the burden is on the plaintiff to assert in his pleadings and to prove that either the employer or the employee is not bound by the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*].

4. WORKMEN'S COMPENSATION ACT, § 14*—*duty of plaintiff in action for death to prove that employment is but casual.* In the provision in section 5 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(5)] that the term "employee" shall be construed to mean "every person in the service of another under any contract of hire, * * * but not including any person whose employment is but casual," the concluding words constitute an exception, and, in an action to recover for the death of an employee, the plaintiff, to bring himself within the exception, must affirmatively prove it.

5. WORKMEN'S COMPENSATION ACT, § 12*—*what is essential allegation in action to recover for death of employee.* If, in an action to recover for the death of an employee, plaintiff does not, in his declaration, negative the presumption that the parties are under the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], he has failed to state an element, the existence of which is essential to entitle him to recover.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.